OPINION OF THE COURT
Allan L. Winick, J.
Defendant was indicted for the crime of criminally negligent homicide, a violation of section 125.10 of the Penal Law.
The evidence at this nonjury trial shows that on March 28, 1983, the defendant was sitting in his own parked vehicle at a curbside in Queens County, accompanied by Louis Palmieri and Mr. Palmieri’s two sons. Defendant had accompanied them on a quest to buy a car for Mr. Palmieri’s college age son. As they were sitting in defendant’s car it was sideswiped by a car driven by one, later identified, as John C. Defendant gave chase winding in and out of streets. Mr. C.’s car turned into a dead end and he drove his car up into a common driveway.
The chase included passing lights and stop signs and at one point defendant pulled alongside directing C. to pull over but without avail. C. had even tried to force defendant’s car off the road.
Defendant pulled his car, a Chevrolet, behind C.’s Buick, an old car, got out of his car on the driver’s side, at the *78 same time directing the elder Palmieri, who was on the passenger side to remain inside.
Defendant took out his gun and police badge and approached C.’s car from the rear driver’s side, his badge displayed openly, his gun to his side in his hand.
Defendant identified himself to C. as a police officer and requested C. to get out of his car.
In response, C.’s car shot into reverse. Defendant, who was at this point at the left rear of C.’s car jumped out of the way. In a few split seconds C.’s car stopped. Defendant fired one shot into the driver’s side of the front window. C. was hit in the chest. Ten days later he was dead. The parties stipulated that the cause of death was the bullet fired by defendant.
At the end of the People’s case, the defendant moved for a trial order of dismissal and renewed his motion at the end of the entire case. Decision was reserved on both motions.
In essence, the defendant’s position is that he was aware that the shot could cause decedent’s death but he shot to protect his own life. In other words, he was aware of the risk involved but acted as he did to “save his own neck”.
A person is guilty of criminally negligent homicide when with criminal negligence he causes the death of another. (Penal Law, § 125.10.)
“Criminal negligence” is defined in subdivision 4 of section 15.05 of the Penal Law. A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such a result will occur or that such circumstance exists. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.
In contrast, section 125.15 of the Penal Law provides that a person is guilty of manslaughter in the second degree when he recklessly causes the death of another person.
*79 Criminally negligent homicide is a class E felony while manslaughter in the second degree is a class C felony, a far more serious charge.
What is the difference between the two crimes and how does that difference govern the result in this case?
Manslaughter in the second degree requires an element of recklessness. Recklessness connotes awareness of a risk and disregard of that risk. (Penal Law, § 15.05, subd 3.)
On the other hand, criminally negligent homicide, as its title indicates, requires an element of criminal negligence which connotes a failure to perceive the risk involved.
As applied to this case it would involve the failure of the police officer to perceive the substantial and unjustifiable risk of death in his act of shooting.
But the testimony does not support a failure to perceive. At worst, it would support a finding that the police officer perceived the risk of death, but recklessly disregarded it.
If a person was aware of the risk and acted in disregard of it, he would be guilty of manslaughter in the second degree, but not criminally negligent homicide.
In People v Montanez (41 NY2d 53, 56) the Court of Appeals stated: “The defendant’s awareness of the risk determines the degree of culpability. If he failed to perceive the substantial and unjustified risk of death inherent in his act, he is guilty of criminally negligent homicide (Penal Law, § 125.10). But if he was aware of the grave risk of death and acted in disregard of it, he acted recklessly (Penal Law, § 15.05, subd 3) and is guilty of manslaughter in the second degree (Penal Law, § 125.15, subd 1).”
The defendant was indicted for a violation of section 125.10 of the Penal Law, criminally negligent homicide. Of that charge he has not been proved guilty beyond a reasonable doubt, for who could ever believe that an experienced police officer was not aware that his act of firing a shot at decedent, even at the moment of firing under stress of imminent danger, involved a substantial risk of causing the death of decedent. Criminally negligent homicide bespeaks only of an unawareness of the risk.
Indeed, the defendant by his testimony attempts to justify his act, by proffering a defense of justification. (Penal *80 Law, § 35.00.) Such defense, as a defense, cannot, of course, be allowed in this case since the People as part of their case must prove an absence of awareness and the fact of justification is of itself an answer to unawareness. It is like the defendant saying I knew what I was doing, but I had legal justification in doing it.
It is an anomaly that such a posture is an answer to the charge of criminal negligence.
It is more of an anomaly that admission of knowledge of the consequences of his act, even without justification, is likewise a defense to criminal negligence.
The Grand Jury indicted defendant for criminally negligent homicide and of this charge, the People have not sustained their burden of proving defendant’s guilt beyond a reasonable doubt.
The defendant is found not guilty. The motions to dismiss would have been granted but that decision becomes moot in view of the acquittal herein.